**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **DOCKET NO. 2:26-cr-00108** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **VICTOR GOMES** | **:** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

Before the court is a Motion to Compel Full and Complete Discovery [doc. 37] filed by defendant Victor Gomes. The motion is opposed by the United States of America (the "Government") [doc. 41], and Gomes has replied [doc. 43]. A hearing on the matter was held on May 5, 2026. Doc. 46.

**I.**
**BACKGROUND**

On February 26, 2026, Victor Gomes was charged in a one-count Complaint for attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). Doc. 1. Gomes was subsequently indicted on the same charge. Docs. 13, 21. After Gomes's initial appearance on indictment, the court entered a Pretrial Scheduling Order, setting deadlines for discovery, motions, and other pretrial matters. Doc. 31. The court also set the matter for trial for June 15, 2026, following a conference with the parties on April 23, 2026. Doc 35. On April 29, 2026, Gomes filed the instant motion, seeking an order from this court compelling the Government to produce full and complete discovery, which Gomes claimed was not produced by the April 22, 2026, deadline set out in the Pretrial Scheduling Order. Doc. 37. Specifically, Gomes seeks the production of the documents owed to him pursuant to this court's Pretrial Scheduling Order [doc. 31, pp. 12] and Federal Rule of Criminal Procedure 16(a)(1). *Id.* at pp. 5-7. In his motion, Gomes

explains that the Government reached out on April 21, 2026, to inform his counsel that the Government would not be able to produce full discovery by the April 22, 2026 deadline. *Id.* at p. 2.  Instead, the Government produced four investigation reports for defense counsel's review until full discovery could be produced. *Id.*  On April 29, 2026, Gomes filed the instant motion. *Id.*

The Government responded to the motion, claiming that on April 30, 2026, the Government provided defense counsel with all discoverable material currently in the Government's possession, other than forensic extraction data from the defendant's cellular phone.[1] Doc. 41, p. 1.  Accordingly, the Government asserts the Motion to Compel [doc. 37] is moot. *Id.* In reply, filed May 1, 2026, defense counsel asserts that he has not received the outstanding discovery the Government alleges to have produced. Doc. 43. p. 2.  Considering this non-disclosure and the Government's corresponding violation of the discovery deadlines set by this court, Gomes asks this court to issue appropriate sanctions under Federal Rule of Criminal Procedure 16(d)(2). *Id.* at p. 6.  Gomes also urges the court to dismiss this matter for the Government's failure to prosecute and for violating Gomes' Speedy Trial Act rights. *Id.* at p. 5.

On May 4, 2026, the court held a telephone conference with all counsel regarding the production discrepancies outlined in the parties' briefings. Doc. 45.  During the conference the Government re-asserted that the discovery had been uploaded to defense counsel's account on the Government's digital application used to produce discovery, "USAfx."  Defense counsel asserted that he did not receive the customary notification of this production.  During the conference, the Court set the Motion to Compel for hearing on May 5, 2026, and directed defense counsel to

---

[1] The Government made Gomes aware of the expected delay in the production of the data being extracted forensically from Gomes' cell phone at least as early as the April 23, 2026 Scheduling Conference, *see* doc. 35, and this extraction data was not included as part of Gomes' request for relief in the instant motion. Doc. 37, pp. 5-7.

attempt to access his USAfx account and determine if the Government's production was there prior to the hearing.

At the May 5, 2026 hearing on this matter, defense counsel explained that he did indeed have issues logging into USAfx but, with the help of the Government's IT department, was able to access the system and located the discovery the Government had asserted it produced on April 30, 2026. The Court obtained confirmation from the Government that all discovery materials in its possession, custody and control, save and except the cellphone forensic data yet to be received, had been produced to defendant. As the discovery requested by Gomes in his Motion to Compel [doc. 37] has been produced, the request for an order compelling the production of these materials is moot.

At the hearing, however, defense counsel continued to request sanctions for the Government's untimely disclosures, namely, the dismissal of this action.

## II.
### LAW AND ANALYSIS

In a criminal case, what information is discoverable and when a party may obtain such information is generally governed by Rule 16 of the Federal Rules of Criminal Procedure. *See United States v. Murdock*, 548 F.2d 599, 602 (5th Cir. 1977). Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E),

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

If a party fails to comply with this Rule, the court may "(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2).  Courts have broad discretion regarding the imposition of discovery sanctions. *United States v. Swenson*, 894 F.3d 677, 684 (5th Cir. 2018) (citing *United States v. Garrett*, 238 F.3d 293, 298 (5th Cir. 2000)).  In deciding whether to impose sanctions, however, the court must consider "1) the reasons why disclosure was not made; 2) the amount of prejudice to the opposing party; 3) the feasibility of curing such prejudice with a continuance of the trial; and 4) any other relevant circumstances." *Garrett*, 238 F.3d at 298.  If the court chooses to impose a sanction, it "should impose the least severe sanction that will accomplish the desired result—prompt and full compliance with the court's discovery orders." *Id.* (quoting *United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir. 1982)).

Gomes' arguments at hearing mirrored those in his briefs.  He contended the court should exercise its inherent authority under Rule 16(d)(2) to impose appropriate sanctions, including the dismissal of this matter. Doc. 43, p. 6.  Specifically, Gomes asserted that the Government's delays in production have failed to provide defense counsel sufficient time to prepare for trial and may force Gomes to forego his rights under the Speedy Trial Act if a continuance is needed due to these delays. *Id.* at p. 3.  After applying the factors set out by the United States Fifth Circuit Court of Appeal, however, the court finds that no sanction is appropriate under the circumstances.

While the Government offered no real explanation for the delay, "the state of the law in this Circuit is such that more is required in order to impose the sanctions Defendant requests." *United States v. Alonzo-Lopez*, 756 F. Supp. 3d 399, 403 (W.D. Tex. 2024).  Indeed, without a

finding of improper motive or bad faith, the court is "unable to impose the severe sanctions of dismissal or exclusion of evidence." *Id.* (citing *Garrett*, 238 F.3d at 299; *Swenson*, 894 F.3d at 684–85).  Here, there are no allegations or facts before the court that show the Government was acting in bad faith or with an improper motive in its delay.  To the contrary, the history of this case highlights that the Government was forthcoming about the delay and properly informed defense counsel that a short delay was expected. *See* docs. 35 & 37, p. 2, ¶¶ 5-7.  Accordingly, although the Government has not provided a satisfactory excuse for its conduct, this factor does not weigh in favor of sanctions.

Next, Gomes argues he has been prejudiced by the delay as it has impacted defense counsel's ability to prepare for trial, which may also lead to the need to forego his rights under the Speedy Trial Act. Doc. 43, p. 3.  At the hearing on this matter, however, defense counsel asserted that he now has access to the untimely produced discovery.  The Government's production on April 30, 2026, was more than 45 days prior to trial, and defense counsel accessed this discovery on May 4, 2026, more than 35 days prior to trial.  Although Gomes will have less time to prepare than originally contemplated by the deadlines set in the Pretrial Scheduling Order [doc. 31], this delay has not affected Gomes' substantial rights by injuring his right to a fair trial. *Garrett*, 238 F.3d at 299 (citing *United States v. Webster*, 162 F.3d 308, 336 (5th Cir. 1998)).  Indeed, prejudice is more than "putting trial preparation into minor disarray[;]" "the question of prejudice is whether the defendant had time to put the information to use, not whether some extra effort was required by defense counsel." *Id.* (citing *United States v. Martinez–Perez*, 941 F.2d 295, 302 (5th Cir. 1991)).  The Government's delay was minor, and defendant has ample time to evaluate the discovery and prepare for trial, and so the court finds no prejudice.

Because the court finds no prejudice resulting from the Government's delay, the third factor, the feasibility of curing prejudice with a continuance, is inapplicable.  Also, the court does not see any other relevant circumstances that may warrant sanctions in this case.  As none of the factors regarding the imposition of sanctions weigh in favor of Gomes, and because the "court should impose the least severe sanction that will accomplish the desired result[,]" *Sarcinelli*, 667 F.2d at 7, the court is unable to impose the severe sanctions of dismissing this matter or excluding the Government's untimely discovery.

### III.
#### CONCLUSION

For the reasons set forth orally at the hearing on May 5, 2026, and otherwise set forth herein,

**IT IS HEREBY ORDERED** that defendant's Motion to Compel Full and Complete Discovery [doc. 37] is **DENIED AS MOOT**, insofar as it seeks an order compelling production, and **DENIED**, insofar as it requests dismissal of this action or any other sanctions.

**THUS DONE AND SIGNED** in chambers this 8th day of May, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**