**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**UNITED STATES OF AMERICA**                    **CASE NO.  2:26-CR-00108-01**

**VERSUS**                                       **JUDGE JAMES D. CAIN, JR.**

**VICTOR GOMES (01)**                            **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the Court is the "United States' Motion in Limine" (Doc. 36) filed by the Government wherein the mover seeks to exclude certain forms of argument or evidence from the trial of this matter.  Specifically, the Government seeks to exclude the following;

1. That the defense be precluded from presenting any evidence, argument, and instruction pertaining to jury nullification;

2. That the defense be precluded from eliciting any statements made by the Defendant during any post-*Miranda* interview or otherwise;

3. That the defense be precluded from raising the Defendant's supposed "good character" through specific instances of good conduct;

4. That the defense be precluded from using the term entrapment unless and until he is able to make a *prima facia* showing of proof of entrapment.

## BACKGROUND

On February 26, 2026, the defendant, Victor Gomes, was charged by way of complaint with one count of attempting to entice a minor, in violation of 18 U.S.C. §

2422(b).[1] On March 18, 2026, a federal grand jury returned an indictment charging Gomes with one count of attempting to entice a minor in violation of 18 U.S.C. § 2422(b).[2]

On February 25, 2026, while located in the Western District of Louisiana, an FBI Online Covert Employee (OCE) working in an undercover capacity operated an account on the dating platform "Plenty of Fish" ("POF"). The account used a display photo of an adolescent white female and posted a phone number to contact the female. The OCE was contacted by Gomes using the phone number (956) 314-8964 who said he saw the Plenty of Fish profile. Gomes and the OCE chatted, and Gomes was told the OCE was fifteen (15) years old.

The conversation between the OCE and Gomes turned sexual and eventually led to the OCE agreeing to meet Gomes at a park to allegedly have sex. Gomes arrived at the park and instructed the OCE, he thought was a fifteen-year-old girl, to meet him at a certain location in the park.  However, instead of the meeting the female minor, Gomes was met by law enforcement.

<u>**LAW AND ANALYSIS**</u>

The Government informs the Court that during certain pre-trial hearings, Gomes, through counsel, appears to assert the affirmative defense of entrapment.

*Jury nullification*

The Government requests an order prohibiting the defendant from making arguments or eliciting testimony that invites jury nullification or otherwise encourages the

---

[1] Doc. 1.
[2] Doc. 22.

jury to disregard its sworn duty to apply and follow the law. The Government refers the Court to certain arguments it anticipates Defendant will make at trial: (1) suggesting Gomes is not guilty because he was not chatting with a live minor victim; and (2) the potential punishment Gomes could face.

To support a conviction under 18 U.S.C. § 2422(b), the Government must prove the defendant (1) "used a facility of interstate commerce to commit the offense," (2) "was aware that [the victim] was younger than eighteen," (3) "could have been charged with a criminal offense" by "engaging in sexual activity with [the victim]," and (4) "knowingly persuaded, induced, enticed, or coerced [the victim] to engage in criminal sexual activity." *United States v. Rounds*, 749 F.3d 326, 333 (5th Cir. 2014).

To prove attempted coercion or enticement of a minor, "the Government must establish beyond a reasonable doubt that the defendant (1) acted with the culpability required to commit the underlying substantive offense, and (2) took a substantial step toward its commission." *United States v. Broussard*, 669 F.3d 537, 547 (5th Cir. 2012) (quoting *United States v. Barlow*, 568 F.3d 215, 219 (5th Cir. 2009)). "Whether there was inducement, persuasion, or enticement is a question of fact for the jury to decide." *United States v. Lundy*, 676 F.3d 444, 450 (5th Cir. 2012).

The Government remarks that there is no requirement that the Defendant communicate with an actual minor to support a conviction under 18 U.S.C. § 2422(b) and therefore, any argument made by Defendant that he was not communicating with an actual minor is irrelevant.

Next, the Government maintains that any argument concerning potential punishment would be improper because it is irrelevant to the jury's determination of guilt or innocence. See *Shannon v. United States*, 512 U.S. 573, 579 (1994) ("[W]hen a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" (quoting *United States v. Rogers*, 422 U.S. 35, 40 (1975)). The Government moves for an order prohibiting Gomes from making any arguments or submitting any evidence that are not relevant to the element of the charged crime, including potential punishment.

Defendant, through counsel, advises the Court that he does not object to the Government's motion regarding any testimony or evidence of jury nullification. As such, the motion will be granted to that extent.

*Self-serving hearsay*

The Government moves to prohibit Defendant from introducing any reference to self-serving hearsay. Federal Rule of Evidence 801(d)(2) (limiting application of the rule to statements "offered against a party"); *United States v. Bishop*, 264 F.3d 535, 549 (5th Cir. 2001); *United States v. Bond*, 87 F.3d 695, 699-670 (5th Cir. 1996) (defendant statement inadmissible where it was offered by the defendant). A defendant also cannot establish a defense by introducing his own statement through a third-party witness, *see United States v. Sanders*, 639 F.2d at 270 (5th Cir. 1981) (affirming the exclusion of the defendant's statements to a witness as inadmissible hearsay), including by cross-examining government witnesses. *See United States v. Adams*, 314 F. App'x 633, 652 (5th Cir. 2009)

(affirming preclusion of self-serving favorable statements defendant made during interview with IRS agent).

The Government argues that if Gomes intends to allow statements he made in his post-*Miranda* interview, then he must testify and be subject to cross-examination. Defendant argues that the Government's motion as to self-serving statements is premature and suggests that the Court abstain from ruling on same until an appropriate objection is made at trial. The Court agrees that any self-serving hearsay statement is not admissible unless the Defendant agrees to testify and be subject to cross-examination.  As such, the Court will grant the Government's Motion to that extent.

*Good character*

The Government moves to preclude specific instances of good conduct or reputation as character evidence because it is irrelevant and impermissible under Federal Rule of Evidence 405. "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." *Id.* Defendant does not object to the Government's request for relief here.  As such, the Government's motion will be granted with respect to the preclusion of evidence of Defendant's good conduct or reputation as character evidence.

*Entrapment*

The Government argues that Defendant should be precluded from arguing the affirmative defense of entrapment until making a *prima facia* showing of proof raising the issue.

A "valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in criminal conduct." *Mathews v. United States*, 485 U.S. 58, 63 (1988). "Predisposition, the principal element in the defense of entrapment, focuses upon whether the defendant was an unwary innocent or, instead, an unwary criminal who readily availed himself of the opportunity to perpetrate the crime." *Id.* at 63 (citations and internal quotation marks omitted). "[T]he fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution." *Jacobson v. United States*, 503 U.S. 540, 548, (1992) (internal quotation marks omitted).

The Fifth Circuit has previously held that "[a] lack of predisposition can appear from, for example, lack of prior interest or experience related to the crime, significant hesitation or unwillingness, or attempts to return discussion to lawful conduct." *Theagene*, 565 F.3d at 920. Where a defendant "promptly avail[s] himself of [a] criminal opportunity, it is unlikely that his entrapment defense [warrants] a jury instruction." *Jacobson v. United States*, 503 U.S. 540, 550, 112 S. Ct. 1535, 118 L. Ed. 2d 174 (1992). The Government is not required to prove beyond a reasonable doubt that a defendant was not entrapped unless the defendant first sets out a *prima facie* case that he was entrapped. *See Theagene*, 565 F.3d at 918.

Defendant does not object to the Government's request that Defendant must first make a *prima facie* showing. As such, the Government's motion with regard to the affirmative defense of entrapment will be granted. Accordingly,

**IT IS ORDERED** that the United States' Motion in Limine (Doc. 36) is **GRANTED.**

**THUS DONE AND SIGNED** in chambers on this 18th day of May, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**