**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:26-CR-00108-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **VICTOR GOMES (01)** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is "Defendant's Rule 16(D)(2) Motion and Incorporated Memorandum to Exclude All Evidence and Related Evidence Not Previously Tendered" (Doc. 48). Defendant, through counsel urges the Court to exclude "all evidence and related evidence due to the prosecution's failure to adhere to and [sic] meet the deadlines of the Court's scheduling order, including potential <u>Brady</u> violation."[1]

## BACKGROUND

Defendant, Victor Gomes, was indicted on March 18, 2026, by a federal grand jury for attempting to entice a minor, in violation of 18 U.S.C. § 2422(b).[2] A pretrial scheduling order was issued on April 8, 2026, which required the Government to provide defense counsel within 45 days of trial, written expert disclosures concerning testimony the Government intends to use at the trial.[3] On April 23, 2026, a pretrial scheduling conference was held and the jury trial was set for June 15, 2026.[4] During the scheduling conference, the Government's counsel informed the Court and defense counsel that the forensic

---

[1] Doc. 48, p.1.
[2] Doc. 22.
[3] Doc. 31.
[4] Doc. 35.

extraction of Defendant's cell phone had not yet been completed but was forthcoming.[5]
The Government received the forensic extraction on May 5, 2026, and forwarded same via overnight FedEx to defense counsel on May 6, 2026.

## LAW AND ANALYSIS

Defense counsel informs the Court that on April 30, 2026, he received a pdf file from the Government that "mainly consists of duplicates (triplicates), summary reports and court document consisting of PDF files totaling 108 pages." Counsel suggests that several key documents in the case are missing. Counsel specifically refers to bodycams of the Calcasieu Parish Sheriff's officers who assisted in the arrest of Defendant.  Counsel remarks that he had received an email from the Government that these bodycams existed and would be sent to defense counsel the next day. Subsequently, defense counsel "asked whether there was also dash cam footage, but as of the filing of this motion (May 6, 2026), defense counsel declares that he has not received a response from the Government.[6]

Defense counsel informs the Court of the following suggested "missing evidence":

1. POF[7] account and activities used by the FBI agent(s) in connection with the sting operation involving Defendant Gomes;
2. Agreements or agreed-upon "terms of use" by the Government executed to access and use the POF website.
3. Age-regressed photos used in the sting operation, including photographs and videos[8] posted on the FBI's POF account;
4. The identity, address, occupation, and CV of any expert(s) the FBI used to produce the age-regressed photos used in the sting operation.
5. Participating Calcasieu Parish Sheriff's officers' bodycam footage;
6. Participating Calcasieu Parish Sheriff's officers dashcam footage;
7. Complete chain of custody reports for seized cell phone;

---

[5] *Id.*
[6] *Id.* p. 4. Defense counsel's motion was filed on May 6, 2026 at 1:57 a.m. (Doc. 48 bullet)
[7] The Court will assume defense counsel is referred to the "Plenty of Fish" dating website.
[8] Specifically those referenced by the Special Agent during the preliminary examination hearing.

8. Complete chain of custody reports for the "consensual monitoring surveillance" recording of the alleged text exchange;
9. Expert disclosure of the person(s) who unlocked the seized phone;
10. Expert disclosure of the person(s) who extracted data from the seized phone;
11. Expert disclosure of the person (s) who age-regressed the photographs and videos used on the FBI's POF profile.

Defendant argues that the Court should sanction the Government pursuant to Federal Rule of Criminal Procedure 16(d)(2)(C) for its failure to comply with the disclosure timelines and exclude any evidence, including related evidence not tendered in its April 30, 2026, disclosure. In addition, Defendant requests that the Court prohibit the Government from introducing any expert witnesses or related evidence that was disclosed untimely. Defendant accuses the Government of being untruthful when it informed defense counsel that with the exception of the cell phone data, all discovery had been tendered.[9]

Specifically, Defendant complains that the Government informed him that discovery was complete when it was not, and that these actions have "substantially impaired the defense's ability to prepare adequately and fully and within the bounds of Mr. Gomes' Speedy Trial Act and Sixth Amendment rights."[10] Defendant claims that he is prejudiced by the need to address outstanding discovery issues, and "burdened by the risk of unfair surprise stemming from the government's patterned behavior, and there's no guarantee that something else won't come up in the near future."[11]

After carefully considering Defendant's motion, as well as the June 15, 2026, trial date, the Court finds that Defendant has not shown actual prejudice. Defense counsel has

---

[9] Doc. 48, p. 7.
[10] *Id.*
[11] *Id.*

ample time to prepare for trial; in fact, when the Magistrate Judge held the scheduling conference on April 23, 2026, the Government informed the Court and defense counsel that the cellular telephone forensic "dump" had not yet been completed.[12] The Magistrate Judge offered to set the trial outside of the 70-day Speedy Trial Act, yet defense counsel rejected the offer and insisted that the trial be held within the 70-day Speedy Trial Act. In doing so, defense counsel advised the Court that any data retrieved from the forensic "dump" was not relevant to the isolated incident that is the basis for the charges in this case.

The Court finds that a 5-day delay does not warrant the relief requested by defense counsel. The Court will try this case on June 15, 2026, as requested by defense counsel, and will deny the deny the Motion to Exclude. Accordingly,

**IT IS ORDERED** that the Defendant's Rule 16(D)(2) Motion and Incorporated Memorandum to Exclude All Evidence and Related Evidence Not Previously Tendered" (Doc. 48) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 18th day of May, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[12] Elec. Min. 35.

Page **4** of **4**