**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:26-CR-00108-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **VICTOR GOMES (01)** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is "Mr. Victor Gomes' Motion In Limine Regarding Testimony and/or Evidence Related to the Government's Failed Efforts to Retrieve Evidence From His Cell Phone" (Doc. 76). The Government opposes the Motion.

## BACKGROUND

On February 26, 2026, Defendant, Victor Gomes, was charged by way of complaint with one count of attempting to entice a minor, in violation of 18 U.S.C. § 2422(b). On March 18, 2026, a federal grand jury returned an indictment charging Gomes with one count of attempting to entice a minor in violation of 18 U.S.C. § 2422(b).

On February 25, 2026, while located in the Western District of Louisiana, an FBI Online Covert Employee (OCE) working in an undercover capacity operated an account on the dating platform "Plenty of Fish" ("POF"). The account used a display photo of an adolescent white female and posted a phone number to contact the female. The OCE was contacted by Gomes using the identified phone number who said he saw the Plenty of Fish profile. Gomes and the OCE chatted, and Gomes was told the OCE was fifteen (15) years old.

The conversation between the OCE and Gomes turned sexual and eventually led to the OCE agreeing to meet Gomes at a park to allegedly have sex. Gomes arrived at the park and instructed the OCE he thought was a fifteen-year-old girl, to meet him at a certain location in the park. However, instead of the meeting the female minor, Gomes was met by law enforcement.

**LAW AND ANALYSIS**

At the trial of this matter, the Government intends to offer expert testimony related to its unsuccessful efforts to search Defendant's cell phone. Defendant suggests that the testimony the Government intends to offer will infer that Defendant's cell phone contained incriminating information. Defendant moves to exclude the expert testimony because such evidence and/or testimony is improper and inadmissible under Federal Rules of Evidence 403.

Under Rule 403, relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Federal Rule of Evidence 403. Courts apply Rule 403 sparingly, and the rule is 'not designed to even out the weight of the evidence.' 'Rule 403's major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.' *United States v. Sims*, 11 F.4th 315, 323 (5th Cir. 2021) (*citing Baker v. Canadian Nat'l / Ill.* Cent. R.R., 536 F.3d 357, 369 (5th Cir. 2008)).

The Government argues that the cellphone extraction contains relevant evidence whose probative value outweighs any prejudicial effect. The Government informs the Court that when Defendant was arrested, certain text messages were not recovered from Defendant's phone but that the extraction includes location information, identifying information showing Gomes utilized that particular cellphone, and confirmation that the phone was associated with the number sending messages to the OCE.

The Government asserts that it does not intend to imply that the partial extraction resulted from Defendant's attempt to delete information, nor will the Government argue that a full extraction could have been obtained had Gomes provided his password. The Government informs the Court that its expert, Ms. Stovall, will testify that the government's technology at the time was simply not capable of performing a full extraction on that model of cellphone.

The Government argues that calling an expert to explain why certain text messages do not appear on a cellphone extraction is analogous to calling an expert to explain why a defendant's DNA or fingerprints are not found on a firearm. Courts routinely permit this type of "absence-of-evidence" testimony. *See United States v. Tavares*, 843 F.3d 1, 7 (1st Cir. 2016); *United States v. Mitchell*, 502 F.3d 931, 970 (9th Cir. 2007); *United States v. Dalton*, 918 F.3d 1117, 1132 (10th Cir. 2019). As such, the Government contends that Rule 403 does not support exclusion of its expert because the cell phone extraction is relevant, its probative value is significant, and the government's proposed testimony will not mislead, confuse, or prejudice the jury. Additionally, the testimony and other evidence will assist the trier of fact to understand the facts.

The Court finds that the expert testimony is admissible as its probative value substantially outweighs any danger of prejudice. Instead, the testimony will provide clarity to the trier of fact. Accordingly,

**IT IS ORDERED** that the Motion In Limine Regarding Testimony and/or Evidence Related to the Government's Failed Efforts to Retrieve Evidence From His Cell Phone (Doc. 76) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 29th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**